# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 5, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CLAUDIA MARQUEZ, | * | |
| | * | |
| Petitioner, | * | No. 19-1811V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; |
| AND HUMAN SERVICES, | * | Severity. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Renee J. Gentry,* Vaccine Injury Clinic, George Washington Univ. Law School, Washington, D.C., for petitioner.
*Parisa Tabassian,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On November 26, 2019, Claudia Marquez ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program or Program").[2] Petitioner alleged that she suffered from a right Shoulder Injury Related to Vaccine Administration ("SIRVA") after receiving an influenza ("flu") vaccination on November 14, 2017. Petition (ECF No. 1). The information in the record, however, does not show entitlement to an award under the Program.

On August 5, 2022, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 38). Petitioner states that "an investigation of the facts and science supporting the claim has demonstrated to the petitioner that she will be unable

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

to provide that she is entitled to compensation in the Vaccine Program." Pet. Mot. at ¶ 1. In these circumstances, to proceed any further would be unreasonable and would waste the resources of the Court, the respondent and the Vaccine Program. *Id.* at ¶ 2. Petitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner also understands that her attorney may apply for attorneys' fees and costs once his case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Petitioner intends to protect her rights to file a civil action in the future, and therefore, pursuant to 42 U.S.C. §300aa-21(a)(2), she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action. *Id.* at ¶ 5.

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§13(a)(1)(A); 11(c)(1). In this case, petitioner was alleging a Table Injury. A prerequisite for eligibility to proceed in the Vaccine Program, is that a petitioner establish she suffered an injury that is sufficiently severe. The petition, affidavit, and supporting evidence must demonstrate that the individual "(i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than six months after the administration of the vaccine." §11(c)(1)(D). Under the Vaccine Act: "The special master or court may not make [a finding of entitlement] based on the claims of a petitioner alone." Rather, the petition must be "[s]ubstantiated by medical records or by medical opinion." 13(a)(1)(A). Petitioner has been unable to demonstrate that she has suffered an injury to her right shoulder after the administration of the November 14, 2017, flu vaccine for more than six months. Therefore, it is appropriate to dismiss petitioner's claim for insufficient proof of the severity requirement, as well as the alleged Table Injury.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).